In re Terry Lee **THORNBERG** and Margaret Ruth Thornberg, Debtors.

### NATIONAL BANK OF SOUTH DAKOTA, Presho, SD, A Corporation, Plaintiff,

v.

### Terry Lee THORNBERG and Margaret Ruth Thornberg, Defendants.

Bankruptcy No. 380–00040.
Adv. No. 382–0052.

United States Bankruptcy Court,
D. South Dakota.

June 8, 1983.

Dallas E. Brost, Brost & Brost, Presho, S.D., for plaintiff.

Robert A. Warder, Hill City, S.D., for defendants.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This proceeding comes before the Court on removal from state court by the Debtors. The creditor, National Bank of South Dakota, Presho branch ("National"), instituted a foreclosure proceeding in state court against the Debtors' property.

The issue before the Court is whether the creditor holds a valid security interest in the Debtors' mobile home when the note and mortgage evidencing the transaction describe real estate as the collateral.

The enforceability of a security interest against the debtor requires that the debtor sign a security agreement which sufficiently describes the collateral, that value has been given, and that the debtor acquires rights in the collateral. SDCL § 57A–9–203(1) and (2) (Supp.1982). The Debtors argue that because the note and mortgage

refer to real estate and provide a description of that real estate but do not mention nor describe a mobile home, no security interest attached. The Court agrees.

■ SDCL § 57A–9–203(1)(a) clearly requires a security agreement contain a description of the collateral. Any description of personal property is sufficient as long as it reasonably identifies what is described. SDCL § 57A–9–110 (Supp.1982). However, in the proceeding before the Court, the mobile home is not mentioned in either the note or the mortgage. Under these facts, it is unnecessary to decide the issue of lien notation and the enforceability of a lien against other creditors because no security interest properly attached. Because no security interest attached, it is not enforceable against the Debtors with respect to the mobile home.

This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law. Counsel for the Debtors shall provide an appropriate order within ten (10) days.