In re Rodney James **PREISSER**, aka Rodney J. Preisser, Debtor.

Bankruptcy No. 82 B 02327 M.

United States Bankruptcy Court, D. Colorado.

Sept. 14, 1983.

John Eastlack, Colorado Springs, Colo., for debtor.

Henry Solano, Asst. U.S. Atty., Denver, Colo., for U.S.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Debtor's Petition for Assignment of Payment In Kind Benefits.

Payment-In-Kind (PIK) benefits are part of a United States Department of Agriculture program method whereby the government compensates qualified farmers and ranchers for the non-production of grain crops. Instead of receiving payments in cash in return for not producing, the farmers are to receive a certain amount of grain which they can use, sell, or hold for sale in the future. The amount of grain which a farmer will receive under the PIK program is based on the past production of a qualified farm. The total number of bushels is computed by multiplying the established base acreage in grain times the established yield for the particular farm.

The Debtor is a qualified farmer and has applied for the PIK benefits. His application seeks court approval of payment of attorney's fees previously approved by this Court through assignment of a portion of the PIK benefits to his attorney, John Eastlack.

The United States objects to the assignment of PIK benefits on the grounds that it holds a security interest in all proceeds of the Debtor's interest in his land. It asserts that the PIK benefits are proceeds of the Debtor's interest in the land because they are received as a substitute for crops grown on the land.

It is undisputed that the Debtor executed a deed of trust on the land in question in favor of the United States which covers the land itself and "the rents, issues, and profits thereof and revenues and income therefrom." The Code recognizes the validity of such security interests in 11 U.S.C. § 552(b). That section provides:

(b) Except as provided in sections 363, 506(c), 544, 545, 547 and 548 of this title, if the debtor and a secured party enter into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable non-bankruptcy law, except to the extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

Therefore, the United States will have a valid security interest in the PIK benefits if they constitute "proceeds, product, offspring, rents or profits" of the land covered by the pre-existing deed of trust. A similar issue was before the Ninth Circuit in *Matter of Munger*, 495 F.2d 511 (9 Cir.1974). In *Munger*, the bankrupt was a sugar-beet farmer who had abandoned part of his crop and become entitled to abandonment payments and certain other federal subsidy payments. The Ninth Circuit held that these payments were included in security agreements covering ' "all crops" ' and the "proceeds" thereof.' The court stated that:

Although resembling insurance payments, these subsidy payments flow not from private contract between the debtor and a third party but rather from a government program designed to protect both the United States sugar industry and the welfare of sugar producers.

Abandonment payments, like the subsidy payments based on sugar content, are an integral part of the sugar-beet farming business and, when received, are within a broad reading of 'proceeds.'

495 F.2d at 513 (footnotes omitted).

*See also, In re Nivens*, 22 B.R. 287 (Bkrtcy., N.D.Tex.1982).

Similarly, any benefits the Debtor receives from the government for non-production of grain on his land must be construed to be rents or profits of the land. The amount of grain received is intended to be a substitute for what would have actually been produced on the land. This can be seen from the method by which the amount of PIK benefits is determined: historical yield times historical acreage. Since any grain which the Debtor had grown on this land would have been considered rents or profits of the land, grain which he receives under the PIK program should be treated the same.

The Debtor's argument that regulations pertaining to the payment of PIK benefits indicate that the benefit of the program is to be received by producers only is unpersuasive. The regulation cited by the Debtor provides that:

Any payment in kind or portion thereof which is due any person shall be made without regard to questions of title under State law, and without regard to any claim of lien against the commodity, as proceeds thereof, which may be asserted by any creditor.

C.F.R. § 770.6(f) (1983).

This regulation clearly is intended to promote the administrative convenience of the government agency disbursing the benefits. It cannot have been intended to void liens which are otherwise valid under state and federal bankruptcy laws.

Accordingly, I find that the United States has a valid security interest in the PIK benefits under 11 U.S.C. § 552(b), and it is

ORDERED that the Debtor's Application for Payment-In-Kind Benefits is denied.