In re Larry A. **MATTICK** and Cynthia Mattick, Debtors.

Gary W. **KOCH**, Trustee, Plaintiff,

v.

**UNITED STATES** of America, Farmers Home Administration, Defendant.

Bankruptcy No. 3–84–569.
Adv. No. 84–0231.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Jan. 4, 1985.

**616**

Mary Carlson, Asst. U.S. Atty., Minneapolis, Minn., for Farmers Home Admin. (FmHA).

Gary Koch, St. James, Minn., trustee pro se.

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on motion for summary judgment in this action for declaratory relief by the Chapter 7 Trustee, Gary Koch. Mary Carlson ap-peared representing the Farmers Home Administration (FmHA). Gary Koch appeared as Trustee pro se. The action seeks determination of the extent and validity of a security interest claimed by FmHA on proceeds from the sale of certain Payment In Kind grain held by the estate. Based on the file, record, briefs and arguments of counsel, the Court makes this Order pursuant to the Rules of Bankruptcy Procedure.

I.

From 1979 to 1983, FmHA extended credit in the form of operating loans in varying amounts to the Debtors. The last of these loan transactions occurred March 31, 1983, and involved an operating loan to the Debtors in the amount of $40,000.00. With all of the loans, FmHA took security interests in, among other things, all of the Debtors' growing crops and proceeds of those crops. The security interest did not extend to general intangibles, such as contract rights held by the Debtors. FmHA properly perfected its security interests under the various notes by filing a financing statement November 26, 1979.

On February 7, 1983, the Debtors executed a contract with the Commodity Credit Corporation to participate in the Payment In Kind (PIK) Diversion Program. Under the program, the Debtors agreed by contract to set aside portions of their tillable acreage. In return, Commodity Credit Corporation agreed to compensate the Debtors for diverting their land to fallow by replacing the ungrown crops with Commodity Credit Corporation grain. The Debtors complied with the contractual requirements, foregoing planting a crop on a portion of their land. Commodity Credit Corporation then fulfilled its obligations under the PIK contract and delivered PIK grain to the Debtors. The Debtors did not plant any crop on the land set aside under the PIK contracts.

The Debtors filed for relief under the Bankruptcy Code on March 29, 1984. The Trustee succeeded to the Debtors' interest in the PIK grain and sold it on the open

market receiving $29,000.00. That amount is presently held for distribution pending resolution of this action. FmHA claims to have had a security interest in the PIK entitlement and proceeds from the sale of the PIK grain as a result of its lien on Debtors' growing crops and their proceeds. The Trustee argues that the PIK entitlement did not constitute crops or crop proceeds and that the FmHA lien on crops and their proceeds was ineffective to perfect a security interest in the PIK entitlement.

The Trustee's position is premised upon his assertion that PIK entitlements are contract rights which are properly categorized as general intangibles, and he cites *In re Sunberg*, 729 F.2d 561 (8th Cir.1984); *In re Kruse*, 35 B.R. 958 (Bankr.Kan.1983); and *Citizens State Bank of Montgomery v. Dudley*, ADV. 3–83–476 (Bankr.Minn. March 30, 1984). FmHA argues that the PIK entitlement and its proceeds are proceeds of crops covered by its security interest in the Debtors' growing crops and proceeds of those crops. FmHA cites *In re Munger*, 495 F.2d 511 (9th Cir.1974); *In re Nivens*, 22 B.R. 287 (Bankr.N.D.Tex.1982); *In re Judkins*, 41 B.R. 369 (Bankr.M.D. Tenn.1984); *In re Cupp*, 38 B.R. 953 (Bankr.N.D.Ohio 1984); *In re Lee*, 35 B.R. 663 (Bankr.N.D.Ohio 1983); and *In re Preisser*, 33 B.R. 65 (Bankr.D.Colo. 1983).

## II.

Payments received under various government farm subsidy programs have been held to constitute proceeds of growing crops to which prior perfected security interests in the growing crops and their proceeds attach. See *In re Munger, supra; In re Niven, supra*. The Federal Government has provided various subsidy assistance programs for farmers since the 1930s. These programs historically have been implemented to protect farmers from the unpredictable contingencies involved in farming operations and have taken many forms. For example, there have been crop disaster subsidies for drought and flood conditions and simply guarantees of fixed crop yields to protect against bad growing years and low yields.

Common to all subsidies has been the requirement that a participating farmer must first attempt to grow a crop. In the event that the crop fails, the government subsidy program either supplements or replaces the lost or damaged crop. Subsidy payments actually take the place of crops that have been planted but fail, and accordingly, are considered to be proceeds of growing crops.

Under the PIK program involved in this case, the Debtors were paid for agreeing to forego planting any crop. They were not paid a subsidy. The right to the PIK entitlement was a general intangible, not proceeds of an existing, failed crop—or proceeds of anything. See *In re Sunberg, supra; In re Kruse, supra*.[1]

The loan documents evidencing the March 31, 1983, $40,000.00 operating loan to the Debtors refer to the PIK program. FmHA was aware of the PIK entitlement and apparently intended to include it as collateral for the loan. Presumably, the Debtors also intended that the PIK entitlement serve as collateral. But since the PIK entitlement here was simply a contract right, only a properly filed financing statement identifying the PIK or covering general intangibles could result in a perfected security interest in the PIK.

When a trustee succeeds to a debtor's property, he takes personal property as a judicial lienholder without notice or knowledge of prior, unperfected liens. See 11 U.S.C. § 544 (1979 and supp.1983). Consequently, a creditor with an unperfected lien has the status of an unsecured creditor in the bankruptcy estate. Under Minnesota law, a security interest is not perfected until a financing statement which contains

---

1. Another form of PIK entitlement arises where a farmer agrees to abandon or till under an existing crop in return for a PIK payment. Under that arrangement, the PIK entitlement would constitute a general intangible, but the PIK payment would also constitute proceeds of the abandoned or destroyed crop to which a valid, perfected security interest in the lost crop would attach. See *In re Kruse, supra*, at 965.

618

a description of the collateral is properly filed. See MINN.STAT. § 336.9–203(1)(a) and § 336.9–302. Since FmHA's financing statement identifies neither the PIK entitlement nor general intangibles as its collateral, FmHA does not have a perfected security interest under Minnesota law in the PIK entitlement or its proceeds.

Accordingly, FmHA was not entitled to the PIK payment and has no interest equal or superior to the Trustee's interest in the proceeds derived from liquidation of the PIK grain. The Trustee is entitled to summary judgment.

THEREFORE, IT IS HEREBY ORDERED that Farmers Home Administration does not have a perfected security interest in the Debtors' 1983 PIK entitlement, its payment or proceeds, and the Trustee is permitted to distribute the PIK proceeds from the 1983 entitlement for the benefit of general unsecured creditors in the bankruptcy estate.

LET JUDGMENT BE ENTERED ACCORDINGLY together with Plaintiff's costs and disbursements as allowed and provided for by law.