**In re Raymond L. FRASCH and Barbara L. Frasch, d/b/a Farmers, Debtors.**

**John S. LOVALD, Trustee of the Raymond L. Frasch and Barbara L. Frasch Bankruptcy Estate, Plaintiff,**

v.

**GREAT PLAINS PRODUCTION CREDIT ASSOCIATION OF BURKE, SOUTH DAKOTA; and Raymond L. and Barbara L. Frasch; and United States Department of Agriculture, Commodity Credit Corporation, Defendants.**

**Bankruptcy No. 384–00086.
Adv. No. 385–0012.**

United States Bankruptcy Court, D. South Dakota.

Sept. 20, 1985.

John S. Lovald, Pierre, S.D., plaintiff/trustee, pro se.

Gary E. Davis, Gregory, S.D., for defendant Great Plains Production Credit Ass'n of Burke, S.D.

Thomas M. Maher, Pierre, S.D., for debtors/defendants Raymond L. Frasch and Barbara L. Frasch.

Robert J. Haar, Asst. U.S. Atty., Sioux Falls, S.D., for defendant U.S. Dept. of Agr., Commodity Credit Corp.

### MEMORANDUM DECISION, ORDER AND JUDGMENT

PEDER K. ECKER, Bankruptcy Judge.

This case is before the Court on a complaint filed by John S. Lovald, Trustee, pro se, seeking a determination by the Court of the rights of the parties to certain milk diversion program payments payable to Raymond Frasch from the Agricultural

Stabilization and Conservation Service (ASCS) in the amount of $4,993.80. The issue is whether, on the date of the filing of the debtors' Chapter 7 bankruptcy petition, the Great Plains Production Credit Association (PCA) had a properly perfected security interest in these milk diversion program payments. The PCA alleges that they have an interest in the payments under a security agreement with the debtors which covers collateral that includes livestock and proceeds. The trustee claims the payments are not secured to the PCA because they are not specifically described in the security agreement and, therefore, the payments are unencumbered property of the estate available for general distribution to creditors as the Code prescribes.

The parties have stipulated to the facts. It is undisputed that the PCA holds a perfected security interest in all livestock of the debtors and that the agreement includes "all natural increase, purchase, exchange, and issue thereof." The PCA also concedes that no language in the security agreement describes specifically an interest in milk diversion program payments. The PCA argues, however, that these milk diversion program payments constitute proceeds or products of the collateral described in the agreement as livestock. The Court is not persuaded by this agreement, and, after careful consideration of all the files, arguments of counsel, and relevant case law, this Court holds that the PCA does not have a perfected security interest in the milk diversion program payments and that these payments are property of the estate under Section 341 of the Code.

S.D.C.L. § 57A–9–203 states that a security interest is not enforceable against the debtor unless it contains a description of the collateral. This Court has held in several cases that a description is sufficient as long as it reasonably identifies the property upon which a lien is claimed. See, e.g., In re Stump, 8 B.R. 516 (Bkrtcy.D.S.D. 1981); In re Thornberg, 31 B.R. 38 (Bkrtcy.D.S.D.1983). In the instant case, the terms, "livestock," "natural increase," "purchase," "exchange," and "issue," can-

not be construed as reasonably describing milk diversion program payments.

The PCA cites several cases from other jurisdictions concerning milk diversion program payments and Payment In Kind (PIK) program payments as support for its argument that the payments for not producing milk or crops are "substitutes" for proceeds that would have been produced and in which the PCA would have had a secured interest. United States v. Hollie, 42 B.R. 111 (Bkrtcy.M.D.Ga.1984); First State Bank v. Holder, 22 B.R. 287 (Bkrtcy. N.D.Tex.1982); In re Lee, 35 B.R. 663 (Bkrtcy.N.D.Ohio 1983).

The Hollie case, 42 B.R. 111, is the only one which concerns milk diversion program payments, and it is distinguishable because the security agreement language is much broader than in the instant case. In addition, the Court in Hollie pointed out that the debtor had also assigned milk proceeds to the Farmers Home Administration. Id. at 115. With regard to the PIK program, the Eighth Circuit Court of Appeals has determined that these types of payments are "general intangibles" in In re Sunberg, 729 F.2d 561 (8th Cir.1984). In that case, the Court affirmed the decision of the Bankruptcy Court for the Southern District of Iowa which held that the PIK program was covered under a security agreement granting a security interest to the lender in "general intangibles." In re Sunberg, 35 B.R. 777 (Bkrtcy.S.D.Iowa 1983).

The same conclusion was reached by bankruptcy courts in Minnesota and Ohio where it was determined that the security agreement must either make specific reference to PIK payments or to accounts or general intangibles to create a security interest in the PIK payments. In re Mattick, 45 B.R. 615 (Bkrtcy.D.Minn.1985); Matter of Binning, 45 B.R. 9 (Bkrtcy.S.D. Ohio 1984). This Court is in agreement with their reasoning. The milk diversion program payments in the instant case are not the "proceeds" of anything. They are entitlements stemming from an agreement the debtors made to produce less milk—not a subsidy for milk produced.

THEREFORE, IT IS HEREBY OR-DERED that the Great Plains Production Credit Association does not have a perfected security interest in the debtors' ASCS milk diversion program payments, and the trustee is permitted to distribute these payments for the benefit of general unsecured creditors of the bankruptcy estate. JUDGMENT IS ENTERED ACCORDINGLY.